IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
LYNCHBURG DIVISION

| | |
|---|---|
| W.A. GRIFFIN, *Plaintiff,* v. AREVA, INC., *Defendant.* | CASE NO. 6:16–cv–00029 MEMORANDUM OPINION JUDGE NORMAN K. MOON |

This case is before the Court upon Defendant's motion to dismiss. Plaintiff W.A. Griffin ("Griffin")—a medical doctor and serial litigant in federal court who is proceeding *pro se*—filed this action against Defendant Areva, Inc. ("Areva"), alleging that Areva failed to pay benefits due under the terms of its insurance plan, unlawfully ignored requests to provide plan documents, and breached co-fiduciary duties owed under the Employee Retirement Income Security Act ("ERISA"). Areva argues that Griffin lacks statutory standing and that her case attempts to relitigate an identical dispute resolved by a federal district court in Georgia earlier this year. The motion is ripe for decision.[1]

Because Griffin's action is barred by *res judicata*, Areva's motion will be granted. Areva also asks for a prefiling injunction against Griffin. This is a drastic sanction which—although plausibly sought in this case—need not be imposed at this time, because less draconian remedies may be sufficient.

---

[1] Areva filed a notice that its motion was ripe for decision without oral argument. (Dkt. 15). Local Civil Rule 11(b) requires such a notice to indicate that "all parties agree to submission of the motion without a hearing," and Areva's notice is silent on that point. Nevertheless, the Court finds that oral argument is unnecessary and would not aid the decisional process. *See* Fed. R. Civ. P. 78(b).

# FACTS AS ALLEGED

Griffin's complaint alleges the following facts. Areva is a health insurance corporation which administers plans through agent companies, one of which is Blue Cross Blue Shield HealthCare Plan of Georgia ("Blue Cross"). (Compl. ¶¶ 4-5). Griffin is a resident of Fulton County, Georgia, and operates a small dermatology practice in the area. *Id.* ¶ 3.

On April 30, 2013, A.H., one of Griffin's patients, reported to Griffin's office for surgery, and signed a document assigning to Griffin all of the rights and benefits arising under his health insurance policy with Blue Cross. Additionally, Griffin contacted Blue Cross to verify A.H.'s insurance coverage. Griffin subsequently performed the surgery. *Id.* ¶¶ 21-22.

To determine the proper amount to bill a health insurance provider for services rendered, Griffin consults a national database called Fair Health, Inc., which furnishes uniform billing data based upon the particular medical service provided and the patient's geography. *Id.* ¶ 18. According to her complaint, Griffin consulted this database and determined that the proper billing amount for the surgery she performed on A.H. was $2,148.02. Griffin subsequently submitted a claim for this amount to Blue Cross. *Id.* ¶¶ 23.

Instead of paying the full claim amount, Blue Cross only covered $997 of the charge. Griffin was directly compensated $287.72. She claims that Blue Cross owes her an additional $1,414.39 on the claim.[2] *Id.* ¶ 24.

Griffin later sent two requests to appeal the claim to Blue Cross, on May 17, 2013, and July 6, 2013, respectively. The second appeal request also included a demand for policy documents. Each of these appeal requests were ignored by Blue Cross, and Griffin did not

---

[2] It is not apparent how Griffin reaches this figure. Subtracting the $997 she claims Blue Cross paid on the claim from the original claim amount yields a figure of $1,421.02. Further subtracting the $287.72 Griffin was directly compensated results in a value of $1,113.30.

receive any of the documents she requested, nor has she received any additional compensation. *Id.* ¶¶ 26-27.

## STANDARD OF REVIEW

When evaluating a Rule 12(b)(6) motion to dismiss for failure to state a claim, the Court must accept as true all well-pled allegations. *See Vitol, S.A. v. Primerose Shipping Co.*, 708 F.3d 527, 539 (4th Cir. 2013); *see also Erickson v. Pardus*, 551 U.S. 89, 94 (2007). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citations and quotation marks omitted). Stated differently, in order to survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570).

## DISCUSSION

### I. Res Judicata

Griffin alleges three ERISA claims against Areva. First, she alleges that Areva violated 29 U.S.C. § 1132(a)(1)(B) by declining to fully compensate her for A.H.'s surgery. Second, Griffin claims that Areva violated 29 U.S.C. §§ 1024(b), 1104, and 1133(2) by failing to overturn requested plan documents. Finally, Griffin alleges violation of 29 U.S.C. §1105 (a)(2) by Areva's supposed breach of co-fiduciary duties which include, *inter alia*, the duty to monitor its agents like Blue Cross and instruct other plan fiduciaries to forward requested documents.

3

Areva argues that Griffin's present action is barred by *res judicata*. In particular, it claims that Griffin's "lawsuit is identical to the one brought by [Griffin] against [Areva] earlier this year in the United States District Court for the Northern District of Georgia, which was dismissed with prejudice . . . on May 26, 2016." (Docket No. 6, at 1).

"Under the doctrine of *res judicata*, a judgment on the merits in a prior suit bars a second suit involving the same parties or their privies based on the same cause of action." *Parklane Hosiery Co., Inc. v. Shore*, 439 U.S. 322, 326 n.5 (1994). An application of *res judicata* is proper if there is: "(1) a judgment on the merits in a prior suit resolving (2) claims by the same parties or their privies, and (3) a subsequent suit based on the same cause of action." *Conye & Delany Co. v. Selman*, 98 F.3d 1457, 1473 (4th Cir. 1996) (quoting *Aliff v. Joy Mfg. Co.*, 914 F.2d 39,42 (4th Cir. 1990)).

Causes of action are deemed identical if "the claim presented in the new litigation 'arises out of the same transaction or series of transactions as the claim resolved by prior judgment.'" *Pittston Co. v. United States*, 199 F.3d 694, 704 (4th Cir. 1999) (quoting *Harnett v. Billman*, 800 F.2d 1308, 1313 (4th Cir. 1986)). Although "[t]here is no simple test to determine what constitutes the same cause of action," *Aliff*, 914 F.2d at 43, there are several "factors to be considered in deciding whether the facts of the current and prior claims 'are so woven together' that they constitute a single claim." *Pittson Co.*, 199 F.3d at 704. These factors are the claims' "relatedness in time, space, origin, or motivation, and whether, taken together, they form a convenient unit for trial purposes.'" *Id.* (quoting *Restatement (Second) of Judgments* § 24(2) cmt. b).

The complaint in Griffin's prior case alleged claims that are identical in all respects to those she alleges in her present suit. (*E.g.*, Docket No. 6-2 ¶¶ 52-66). Each of Griffin's prior

4

three claims cites the same statutory provisions and pleads the same facts as in her present action. *Id.* Furthermore, these claims arose out of the identical treatment of the same patient and the same appeal letters that are currently at issue. *Id.* ¶¶ 21-26. To put it succinctly, Griffin has largely copy-and-pasted the allegations from her Georgia lawsuit into her complaint in this action. Accordingly, the present case concerns the same parties and arises out of the same causes of action that were at issue in Griffin's prior case.

In Griffin's prior case, the Northern District of Georgia dismissed Griffin's claims with prejudice, finding that A.H.'s insurance policy did not permit assignment of any rights and benefits to physicians in Griffin's position. (Docket No. 6-1 (Order, *Griffin v. Areva, Inc.*, No. 1:16-cv-0553, at *3 (N.D. Ga. May 26, 2016))). Thus, the prior case ended with a final judgment on the merits. *See McClean v. United States*, 566 F.3d 391, 396 (4th Cir. 2009) (citing *Federated Dep't Stores, Inc. v. Moitie*, 452 U.S. 394, 399 n.3 (1981)).

Because each element of *res judicata* is successfully met, Griffin's claims are precluded, and will thus be dismissed.[3]

## II. Request for Prefiling Injunction

Areva also requests that the Court issue a prefiling injunction against Griffin. It argues this relief is necessary because Griffin's "repetitive and unmeritorious lawsuits are burdensome to the federal court system, and her repeated filings serve no purpose but to harass defendants

---

[3] Apart from *res judicata*, Griffin's present claims are insufficient for precisely the same reason previously identified by the Northern District of Georgia (and numerous other courts). (*See* Docket No. 6-1, at 2-3). The health insurance policy that is the subject of this case provides that a member may not assign any rights and benefits conferred by the plan "except for routine assignment of benefit payments to a Preferred Provider rendering Covered Services." (Docket 6-3, at 31). The policy defines a 'Preferred Provider' as a medical provider who has contracted with the insurance company to be paid "directly for rending Covered Services to Members." *Id.* at 8. Griffin, in her complaint, admits that she is not a party to a contract with Areva or any of its agent companies. (Compl. ¶ 10). She has accordingly failed to meet the exception to the policy's anti-assignment clause.

and impose on them the cost and time of repeatedly defending themselves in federal court." (Docket No. 6, at 19).

"In determining whether a prefiling injunction is substantively warranted, a court must weigh all the relevant circumstances, including (1) the party's history of litigation, in particular whether he has filed vexatious, harassing, or duplicative lawsuits; (2) whether the party had a good faith basis for pursuing the litigation, or simply intended to harass; (3) the extent of the burden on the courts and other parties resulting from the party's filings; and (4) the adequacy of alternative sanctions." *Cromer v. Kraft Foods North America, Inc.*, 390 F.3d 812, 818 (4th Cir. 2004). Due to the "constitutional guarantees of due process of law and access to the courts," "a judge should not in any way limit a litigant's access to the courts absent 'exigent circumstances, such as a litigant's continuous abuse of the judicial process by filing meritless and repetitive actions.'" *Id.* at 817-18 (quoting *Brow v. Farrelly*, 994 F.2d 1027, 1038 (3d Cir. 1993)).

A. Griffin's History of Litigation

When inquiring into whether a plaintiff's litigation history is sufficiently vexatious, harassing, or duplicative, courts have considered the quantity of lawsuits a plaintiff has filed against a particular defendant for the same underlying claim. *See Luther v. Wells Fargo Bank, N.A.*, 2016 WL 3948109, at *6 (W.D. Va. July 18, 2016) (finding this factor satisfied when plaintiff filed consecutive suits to stop defendant from foreclosing on plaintiff's property).

Courts have also considered the extensiveness of a plaintiff's litigation history as it concerns the particular district in which the case was filed, as well as other courts in the state in which the district is located. *See*, *e.g., Camastro v. City of Wheeling*, No. 5:06-cv-69, 2009 WL 3671614, at *2 (W.D. W.Va. Oct. 30, 2009) ("Here, the plaintiff does not have an extreme history of litigation with this Court. While it is alleged that the plaintiff has sued the defendants

6

eleven times in state court in the past twelve years, the plaintiff has filed three suits against defendant City of Wheeling in this Court."); *Rutledge v. City of Danville, Va.*, No. 4:13-cv-00066, 2003 WL 6804697, at *6 (W.D. Va. Dec. 20, 2013) ("The present action, filed November 18, 2013, is the twelfth (12th) *pro se* federal lawsuit that Plaintiff has filed in Virginia since March of 2009.")

Areva has identified over twenty cases against similarly-situated defendants filed by Griffin in the Northern District of Georgia. (Docket No. 6, at 18, n. 10). In those cases, the Court has dismissed some or all of Griffin's claims, many of which proceed upon precisely the same legal theories that courts have repeatedly rejected. *See, e.g., Griffin v. Blue Cross & Blue Shield Healthcare Plan of Georgia, Inc.,* No. 1:14-cv-1610-AT, 2015 WL 9942603 (N.D. Ga. Mar. 12, 2015); *Griffin v. Health Sys. Mgmt., Inc.*, No. 1:15-CV-00171-AT, 2015 WL 9920821 (N.D. Ga. May 12, 2015); *Griffin v. Habitat for Humanity Int'l, Inc.*, No. 1:15-CV-0369-AT, 2015 WL 9920813 (N.D. Ga. July 29, 2015).

On one hand, this collection of cases displays the kind of vexatious, wasteful, or duplicative behavior courts have founds sufficient to support a prefiling injunction. And many of the cases proceed upon the same debunked legal theory of contractual assignment, as the Northern District of Georgia concluded earlier this year. *See supra* footnote 3. On the other hand, this case is Griffin's first filing in the Western District of Virginia and represents only the second case against Areva (although it is clearly barred by *res judicata*).

B.  Good Faith Basis

To determine if a plaintiff has the requisite good faith basis to pursue additional actions against a defendant despite its lack of success in prior cases, courts have considered whether or not the plaintiff had a good legal basis for its later claims. *See Luther*, 2016 WL 3948109 at *6.

7

Courts have also inquired into whether prior decisions exposed weaknesses in plaintiff's legal theory of its case. *See Reaves v. Roanoke Redevelopment and Housing Authority*, No. 7:08-cv-00560, 2009 WL 366045, at *8 (W.D. Va. Feb. 12, 2009).

Griffin utterly lacks any good faith legal basis for her current claims. For one, Griffin does not have standing in the present case, as the insurance policy at issue barred its members from assigning rights and benefits to Griffin. *See supra* footnote 3. This reality was made apparent by the Northern District of Georgia in Griffin's prior case against Areva, as well as others. (*See* Docket No. 6-1, at 2-3). Griffin accordingly not only has no legal basis for her current action, but was made aware of this fact by a prior decision. Any purported good faith in seeking relief in this Court is undermined by the fact that the prior case against Areva in Georgia was clearly and squarely resolved against her, and yet she has simply refiled a nearly identical complaint in this Court.

C. Burden

Courts consider the quantity of duplicate lawsuits a plaintiff has filed in a court to determine if that court has been significantly burdened. *See Payman v. Lee Cnty. Comm. Hosp.*, No. 2:14-cv-00017, 2005 WL 735886, at *6 (W.D. Va. Mar. 31, 2005). While inquiring into the burden—if any—such suits have placed on a particular defendant, courts have considered the number of times the plaintiff has named the defendant in these actions. *See Luther,* 2016 WL 3948109, at *6. As demonstrated above, the present case is the only action filed by Griffin in this Court. It is furthermore only the second case of which this Court is aware in which Griffin
8

named Areva as a defendant. Accordingly, Griffin's actions have not (yet) placed an extreme burdened *this* Court and *this* defendant.[4]

D. Alternative Sanctions

Finally, to justify a prefiling injunction, a Court must find that remedies available at law will inadequately prevent a plaintiff from continuing to file meritless lawsuits. *See Nasser v. WhitePages, Inc.*, 2014 WL 1323170, at *5 (W.D. Va. Apr. 1, 2014) (citing *eBay, Inc. v. MercExchange, LLC*, 547 U.S. 388, 391 (2006)). This Court has found that "alternative sanctions are unlikely to work" in a case in which the plaintiff was a "frequent litigator in the Western District of Virginia" and had already received multiple monetary sanctions. *Payman*, 2005 WL 735886, at *6 (quoting *Payman v. Wellmont Health Sys.,* No. 2:04-cv-00089, 2005 U.S. Dist. LEXIS 784, at *19 (W.D.Va. Jan. 20, 2005)). To this point, however, Griffin has not been sanctioned in this jurisdiction, so the Court cannot definitively conclude that a less drastic, alternative sanction would fail to deter future baseless litigation. As a result, the Court will consider the alternative sanction discussed below. *See infra* Section II.E.

\* \* \*

To summarize the prefiling injunction issue, Griffin has a long history of repetitious litigation and of asserting legal theories that have been repeatedly rejected. Both traits are manifested in this action, which lacks any good faith basis. By all accounts, her repeated

---

[4] The Court notes, however, that circumstances might justify departing from mechanical adherence to these principles. For instance, if a plaintiff continues filing the same claims against a defendant in different courts, or hop-scotches from defendant to defendant asserting the same, repeatedly-rejected legal theory, then injunctive relief might be justified. *See*, *e.g.*, *Payman*, 2005 WL 735886, at *6. Thus, nothing in this opinion is meant suggest that a future court or judge—including those outside Georgia and Virginia, where Griffin has thus far filed suit—could not issue a prefiling injunction if Griffin reasserted her debunked assignment theory or the claims against Areva. Indeed, both Areva and the Northern District of Georgia have identified this forum-shopping concern. (Docket No. 14 at 13-14).

9

lawsuits are an unnecessary burden on the court system. On the other hand, this case is her first filing in the Western District of Virginia, so alternative sanctions are both available and have not (yet) proved ineffectual. In light of these factors, I find that a prefiling injunction would be inappropriate in the present case at this time.

E. Attorneys' Fees as a Potential Alternative Sanction

"A court may invoke its inherent powers to assess attorney fees against a party '(1) where a party's litigation efforts directly benefit others, (2) where a party has willfully disobeyed a court order, [or] (3) where a party has acted in bad faith, vexatiously, wantonly, or for oppressive reasons.'" *Nasser*, 2014 WL 1323170, at *6 (quoting *Strag v. Bd. of Trustees, Craven Community College*, 55 F.3d 943, 955 (4th Cir. 1995)). A party has acted in bad faith if he or she "knowingly or recklessly raises a frivolous argument, or argues a meritorious claim for the purpose of harassing an opponent." *Id.* (quoting *Gwynn v. Walker* (*In re Walker*), 532 F.3d 1304, 1309 (11th Cir. 2008) (per curiam)). Federal Rule of Civil Procedure 11(b)(1)-(2) also states that by signing and filing a paper, the party certifies that the submission does not have an improper purpose and that its legal contentions are nonfrivolous. Violation of these rules may justify sanctions after notice and an opportunity to respond, although violation of Rule 11(b)(2) by a *pro se* party cannot justify monetary sanctions. Fed. R. Civ. P. 11(c)(1), (3), (5).

The Court will consider whether Griffin should be ordered to pay Areva's attorneys' fees as a sanction for its having to defend against this baseless litigation. However, because it is required by law and out of prudence on account of Griffin's *pro se* status, the Court will withholding a decision on this issue until Griffin is given an opportunity to respond to this possibility.

10

## CONCLUSION

Griffin's current action is clearly barred by *res judicata*. Griffin has a demonstrated history of filing numerous duplicative claims in other courts and against similarly-situated defendants. But Court is hesitant to issue a prefiling injunction at this juncture, although it will revisit the issue if Griffin continues to proliferate similar filings. Accordingly, I will grant Areva's motion to dismiss and deny its request for a prefiling injunction. Griffin will be ordered to show cause why she should not be sanctioned—either in the form of attorneys' fees or otherwise—for bad faith and baseless litigation.

The Clerk of the Court is hereby directed to send a certified copy of this memorandum opinion and the accompanying order to all counsel of record and to the *pro se* Plaintiff.

Entered this __10th__ day of August, 2016.

*Norman K. Moon*
NORMAN K. MOON
UNITED STATES DISTRICT JUDGE