UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF VIRGINIA
LYNCHBURG DIVISION

| | |
|---|---|
| W.A. GRIFFIN, ) | |
| ) | |
| Plaintiff, ) | Civil Action No.: 6:16-cv-29 |
| ) | |
| v. ) | |
| ) | |
| AREVA, INC., ) | By: Hon. Robert S. Ballou |
| ) | United States Magistrate Judge |
| Defendant. ) | |

## REPORT AND RECOMMENDATION

In this Employee Retirement Income Security Act ("ERISA") civil action, the district court dismissed this action on the grounds that Plaintiff W.A. Griffin's ("Griffin") claims were barred by res judicata and that she failed to state a claim. See Dkt. No. 17. The court awarded Defendant Areva, Inc. ("Areva") attorneys' fees as a sanction finding Griffin's claims "baseless, vexatious, and bad faith litigation." Dkt. No. 22, p. 1. Before me is Areva's application for attorneys' fees. I have considered the record, the legal arguments and the applicable law, and **RECOMMEND awarding** Areva **Fourteen Thousand Seven Hundred Twelve and 50/100 Dollars ($14,712.50)** in attorneys' fees and expenses.

Applicable Law

Areva has the burden of establishing that its requested attorneys' fees are reasonable. McAfee v. Boczar, 738 F.3d 81, 88 (4th Cir. 2013), as amended (Jan. 23, 2014). The Fourth Circuit follows a three-step process to determine a reasonable attorneys' fee award. Id. First, the court calculates the lodestar figure by multiplying the reasonable number of hours expended by the reasonable hourly rate. Id. Courts evaluate the reasonableness of the hours expended and rates sought on fee petitions

under the lodestar method using the twelve factors identified in Johnson v. Georgia Highway Express, Inc., 488 F.2d 714, 717-19 (5th. Cir. 1974), as adopted by Barber v. Kimbrell's Inc., 577 F.2d 216, 226 n. 28 (4th Cir. 1978). See Robinson v. Equifax Info. Servs., 560 F.3d 235, 243–44 (4th Cir. 2009).[1]  Second, the court subtracts fees for hours spent on unsuccessful claims unrelated to successful claims. McAfee, 738 F.3d at 88.  Finally, the court awards a percentage of the remaining amount to the party seeking the fees, depending on the degree of success of this party's claims. Id.

A strong presumption exists that a properly calculated lodestar figure is reasonable, which presumption may be overcome only in rare circumstances in which the lodestar does not adequately take into account a factor that the court should consider in determining a reasonable fee. Perdue v. Kenny A. ex rel. Winn, 559 U.S. 542, 554 (2010).

Analysis

Areva requests attorneys' fees in the amount of $17,655.00. Dkt. No. 20, p. 10.  Griffin makes no legal argument challenging the fees and expenses sought.  Instead, Griffin continues to assert that her claims have merit as they have gone "legally viral." Dkt. No. 26, p. 1.  Griffin claims that she does not have the funds to pay legal fees after exposing "organized criminal activity and conduct by health plans" and that she is the subject of "systemic bullying." Dkt. No. 26, p. 1–2.  Griffin fails to understand the consequences of having filed baseless legal actions and expresses her intent to continue filing frivolous lawsuits.  Griffin's objections to Areva's claims for attorneys fees and costs have no legal or factual basis and are tantamount to no response at all.  Nevertheless, I address the Johnson factors relevant to this particular fee petition and conduct the analysis under

---

[1] The Fourth Circuit has construed the Johnson factors as: (1) the time and labor expended; (2) the novelty and difficulty of the questions raised; (3) the skill required to properly perform the legal services rendered; (4) the attorneys' opportunity costs in pressing the instant litigation; (5) the customary fee for like work; (6) the attorneys' expectations at the outset of the litigation; (7) the time limitations imposed by the client or circumstances; (8) the amount in controversy and the results obtained; (9) the experience, reputation and ability of the attorney; (10) the undesirability of the case within the legal community in which the suit arose; (11) the nature and length of the professional relationship between attorney and client; and (12) attorneys' fees awards in similar cases. Robinson, 560 F.3d at 243–44.

McAfee.

**1. Hourly Rates**

The reasonable hourly rate for purposes of the lodestar figure is generally the prevailing market rate for comparable services in the community in which the services were rendered. In re Mullins, Civ. A. No. 95-178-A, 1996 WL 148527, at *3 (W.D. Va. Feb. 12, 1996). The determination of the reasonable hourly rate is a fact intensive exercise requiring the fee applicant to produce "specific evidence" of prevailing market rates in the relevant community for similar services in similar circumstances. Spell v. McDaniel, 824 F.2d 1380, 1402 (4th Cir. 1987). The relevant legal community is generally that in which the district court sits. Rum Creek Coal Sales, Inc. v. Caperton, 31 F.3d 169, 179 (4th Cir. 1994).

Here, Areva's counsel, Troutman Sanders attorneys, partner, David E. Constine, III ("Constine") and associate, Rebecca E. Ivey ("Ivey"), billed $450.00 and $300.00 per hour, respectively. Dkt. No. 20, p. 11. Areva contends such rates are reasonable due to the complexity of ERISA cases and the attorneys' experience litigating such claims. Dkt. No. 20, p. 12–13.

Fee applicants in the Fourth Circuit are required to show that the hourly rates submitted are "consistent with the prevailing market rates in the relevant community for the [particular] type of work . . . ." McAfee, 738 F.3d at 91. Areva relies upon the declaration of Constine as to the reasonableness of the hourly rates, stating that his standard hourly rate is $520, "but the rate charged in this case to Areva was $460, which has been reduced to $450" for the purpose of this motion. Dkt. No. 20-1, p. 4. Ivey typically bills $340 per hour, charged Areva $315 per hour, and reduced her fee to $300 per hour for purposes of this motion. Dkt. No. 20-1, p. 4. Constine has worked on ERISA cases since 1989, handling more than 150 ERISA cases, and Ivey has worked on ERISA cases since 2008, handling more than 30 ERISA cases. Dkt. No. 20, p.12.

Recent cases in this district illustrate reasonable hourly rates allowed for highly qualified

3

and experienced attorneys. An Abingdon district court in a complex ERISA and labor law case found reasonable hourly rates of $275 for associates with more than three years of experience and $400 for partners in Quesenberry v. Volvo Grp. N. Am., Inc., No. 1:09CV00022, 2010 WL 2836201, at *8 (W.D. Va. July 20, 2010), report and recommendation adopted, No. 1:09CV00022, 2010 WL 3521996 (W.D. Va. Sept. 3, 2010). In Three Rivers Landing of Gulfport, LP v. Three Rivers Landing, LLC, the court found that an hourly rate of $685 following an extensive bench trial for an attorney based in Richmond, Virginia was unreasonably high for the Roanoke Valley and Western District of Virginia, and reduced the fee to a $500 hourly rate. 7:11-CV-00025, 2014 WL 1599564, at *3–4 (W.D. Va. Apr. 21, 2014). Likewise, in Allstar Lodging, Inc. v. Rookard, the court in the Harrisonburg division found that $650 an hour for a highly qualified Washington D.C. attorney was an "enormous" hourly rate for Harrisonburg, and reduced the hourly rate to $350. 5:13-CV-00053, 2013 WL 6002070 at *5 (W.D. Va. Nov. 12, 2013). See also Hudson v. Pittsylvania Cnty., Va., 4:11-CV-00043, 2013 WL 4520023 (W.D. Va. Aug. 26, 2013) (reducing a $400 hourly rate in a Danville, Virginia case to $350 per hour); Lusk v. Virginia Panel Corp., 96 F. Supp. 3d 573, 582 (W.D. Va. 2015) (reducing an hourly rate of $375 for partners to $300, and $275 to $150 for associates in Harrisonburg when the partner had substantial experience litigating employment matters and the associate spent much of her time traveling to and from hearings rather than completing substantive legal work).

Areva did not submit any evidence of the prevailing hourly rates in the Lynchburg division of this court beyond the declaration of Constine. Additionally, the grounds on which Areva sought dismissal of Griffin's action did not delve into the complicated intricacies of ERISA. In fact, the framework for Areva's motion to dismiss rested on the previous dismissals of Griffin's claims. Areva sought dismissal, in part, based upon res judicata, arguing that Griffin's claims were barred by final

judgments in earlier suits and other courts' rulings that ERISA pre-empted the statute Griffin relied upon in her claims.

Areva's counsel are highly qualified with significant experience handling ERISA cases. I exercise my discretion knowing the Lynchburg legal market and the complexity in this particular case to reduce the hourly rate for Constine to $375, with a corresponding reduction for Ivey to $250 per hour.

### 2. Block Billing

Courts in this circuit have routinely held that "block billing" does not provide the court with a sufficient breakdown to support an attorneys' fee request. "Inadequate documentation includes the practice of grouping, or 'lumping,' several tasks together under a single entry, without specifying the amount of time spent on each particular task." Guidry v. Clare, 442 F. Supp. 2d 282, 294 (E.D. Va. 2006); see also Project Vote/Voting for Am., Inc. v. Long, 887 F. Supp. 2d 704, 716 (E.D. Va. 2012); McAfee v. Boczar, 906 F. Supp. 2d 484, 498 (E.D. Va. 2012) vacated and remanded on other grounds, 738 F.3d 81 (4th Cir. 2013), as amended (Jan. 23, 2014) ("The practice of block billing has been generally disfavored in federal courts across the country and has often led to a reduction in attorney's fees.") As the Court explained in Project Vote, "[w]hile perhaps block billing is not prohibited, it simply does not provide the court with the sufficient breakdown to meet [the applicant's] burden to support its fee request in specific instances." 887 F. Supp 2d at 716. "The court's role is not to labor to dissect every individual entry to hypothesize if the different tasks in the same entry could reasonably result in the requested time." Id. at 717. See also Guidry, 442 F. Supp. 2d at 294 ("Indeed, fee claimants must submit documentation that reflects reliable contemporaneous recordation of time spent on legal tasks that are described with reasonable particularity, 'sufficient to permit the Court to weigh the hours claimed and exclude hours that were not reasonably expended.'") (citing EEOC v. Nutri/System, Inc., 685 F. Supp. 568, 573 (E.D. Va.1988)).

5

Accordingly, "[l]umping and other types of inadequate documentation are thus a proper basis for reducing a fee award because they prevent an accurate determination of the reasonableness of the time expended in a case." Guidry, at 294. Courts reduce the fee award in such circumstances by either identifying specific hours that are not sufficiently documented or by reducing the overall fee award by a fixed percentage based on the trial court's familiarity with the case, its complexity, and the counsel involved. See Project Vote, 887 F. Supp. 2d at 716; McAfee, 906 F.Supp.2d at 497–500; Guidry, 442 F. Supp. 2d at 294. In Project Vote, the Court noted that counsel's time logs reported the entries with "no breakdown of how the time was spent among often as many as four or five distinct tasks," and thus, "[i]n light of the inexact documentation and the resulting inability of the court to properly assess the reasonableness of the time requested," the court applied a fixed percentage reduction of ten percent to the fee award. Id. at 716.

Examining the time sheets provided by Areva's counsel, I find several instances of block billing by attorneys at Troutman Sanders. For example, entries dated June 20, 2016, June 27, 2016 and July 20, 2016 contain blocks of 2.3 to 4.2 hours of time, in which several unrelated tasks are combined. Dkt. No. 20-1, p. 13–15. Specifically, on June 27, 2016, attorney Ivey billed 4.2 hours for "draft motion to dismiss; draft declaration; draft Roseboro notice; complete corporate disclosure statement; review and revise brief in support of motion to dismiss." Dkt. No. 20-1, p. 13. This entry is characteristic of several other entries included in Troutman Sanders' records.

Such entries for large blocks of time containing multiple, unrelated tasks are the essence of block billing. The Court cannot discern from these entries how much time was spent on a particular task and, therefore, whether the time spent was reasonable. As the decisions in Guidry, Project Vote, and McAfee make clear, the Court's ability to determine the reasonableness of hours expended is critical to an award of attorneys' fees, and block billing has consistently warranted a reduction of the total award in the Fourth Circuit. See Sun Trust Mortgage, Inc. v. AIG United Guar.

6

Corp., 933 F. Supp. 2d 762, 778 (E.D. Va. 2013) (reducing the hours claimed by twenty percent due to block billing, unintelligible and inconsistent time entries); McAfee, 906 F. Supp. 2d at 500 (reducing the hours claimed by ten percent due to block billing); Project Vote, 887 F. Supp. 2d at 717 (reducing total fee request by ten percent due to block billing); Wolfe v. Green, CIV. A. 2:08-01023, 2010 WL 3809857, at *8 (S.D.W. Va. Sept. 24, 2010) (reducing total fee award by ten percent to account for counsel's practice from time to time of block billing).

In this case, the attorneys at Troutman Sanders have gone through their billing records and cut approximately 13 hours for the purposes of this fee application. See Dkt. No. 20-1, p. 13–15. As Areva states in their motion for attorneys' fees, before "submitting the request for fees to this Court, counsel reviewed the bills and reduced them by $5,887.50 for work that could arguably be deemed duplicative and unnecessary and to reflect a reduction in rates [specifically, Constine and Ivey's rates were reduced]." Dkt. No. 20, p. 12. "Moreover, this reduction was applied to bills that had been already reviewed and reduced prior to submission to Areva to eliminate any arguably unnecessary time." Dkt. No. 20, p. 12. As Areva has made these reductions in billing and their records were not replete with block billing, I will not reduce the total award in this case.

### 3. Reduction of the Lodestar Figure to Account for Unsuccessful Claims

The second step in the McAfee attorneys' fees analysis directs that the Court subtract fees for hours spent on unsuccessful claims that are unrelated to successful claims. McAfee, 738 F.3d at 88. Here, Areva's counsel were entirely successful in their litigation of a motion to dismiss and Plaintiff's claims were dismissed in their entirety. As Areva's hours expended in litigation were reasonable and its overall relief obtained was significant, the Court will not reduce the fee award on this ground.

### 4. Areva's Success in Achieving the Result Sought in the Complaint

The final step in the McAfee analysis directs the Court to award a percentage of the requested

7

amount based on the amount of success the requesting party enjoyed. In this case, Areva was entirely successful. Thus, the Court will not reduce Areva's attorneys' fee award on this ground.

## CONCLUSION

I hereby **RECOMMEND** that Areva's Motion for Attorneys' Fees be **GRANTED**, and Areva be awarded attorneys' fees and expenses in the amount of **$14,712.50**.[2]

The clerk is directed to transmit the record in this case to the Honorable Norman K. Moon, United States District Judge, and to provide copies of this Report and Recommendation to counsel of record. Both sides are reminded that pursuant to Rule 72(b), they are entitled to note any objections to this Report and Recommendation which must be filed within fourteen (14) days hereof. Any adjudication of fact or conclusion of law rendered herein by the undersigned that is not specifically objected to within the period prescribed by law may become conclusive upon the parties. Failure to file specific objections pursuant to 28 U.S.C. § 636(b)(1)(C) as to factual recitations or findings, as well as to the conclusion reached by the undersigned, may be construed by any reviewing court as a waiver of such objection, including a waiver of the right to appeal.

Entered: December 15, 2016

*Robert S. Ballou*

Robert S. Ballou
United States Magistrate Judge

---

[2] The calculation of the fee award is attached as Exhibit A.

# Exhibit A

Troutman Sanders

| Attorney | Rate | Hours | Total |
|---|---|---|---|
| David E. Constine, III | $375.00 | 13.1 | $4,912.50 |
| Rebecca E. Ivey | $250.00 | 39.2 | $9,800.00 |

TOTAL: **$14,712.50**