# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
## LYNCHBURG DIVISION

| | |
|---|---|
| W.A. GRIFFIN, *Plaintiff,* v. AREVA, INC., *Defendant.* | CASE NO. 6:16–cv–00029 <br><br> ORDER <br><br> JUDGE NORMAN K. MOON |

When dismissing the merits of this case, the Court found that Plaintiff had engaged in frivolous, vexatious, and wasteful litigation that had no good faith basis, and it therefore ruled that Defendant should receive attorneys' fees. (*See*, *e.g.*, dkt. 17 at 9–11 (Opinion); dkt. 20 (Show Cause Order); dkt. 22 (Sanction Order)). The determination of the amount of fees was referred to Magistrate Judge Robert Ballou for a report and recommendation. (Dkt. 22 at 3). Judge Ballou has issued his report, in which he recommends Plaintiff be ordered to pay $14,712.50 in attorneys' fees. (Dkt. 28). Plaintiff filed objections (dkt. 29), and the matter is now ripe for review.

Plaintiff's objections continue a pattern of obstinate refusal to acknowledge that she, and she alone, is responsible for her current predicament by repeatedly engaging in bad faith and frivolous litigation. She complains that "not once did [Judge Ballou] consider [her] ability to pay such an outrageous legal fee award or consider the extreme financial injury that it would place on her already-struggling medical practice." (Dkt. 29 at 1). Yet Plaintiff submitted insufficient evidence of her own financial struggles (even assuming they could otherwise excuse the consequences of her conduct).[1] Rather, in a characteristic denial of the baselessness of her legal

---

[1] As explained by Defendant (dkt. 30 at 4–6), the cases Plaintiff cites are not on point.

theories, Plaintiff summarily asserts she is in dire financial straits due to a "bad streak of luck," which in point of fact is simply a consequence of her previous, frivolous lawsuits:

> Over the past three years, Dr. Griffin has been devastated by a bad streak of luck after filing more than twenty four ERISA lawsuits between Georgia, Florida, Missouri, Michigan, and Virginia. In addition to the bad streak of luck, she has been saddled with legal fees she cannot afford to pay in full. Judge Amy Totenburg, in [the U.S. District Court for Northern Georgia], has already placed four sanctions on Dr. Griffin.

(Dkt. 29 at 2). Elsewhere she notes that the reason she "started suing was to obtain payments that she is rightfully owed," yet she simultaneously admits that "[e]very single effort has been unsuccessful." (Dkt. 29 at 4 (emphasis in original)). Plaintiff also submitted two, one-page summary affidavits from employees who state that they have not received raises or retirement contributions from Plaintiff "[o]ver the past couple years." As Defendant observes, the affidavits do not explain the reason for the salary freezes and, even if they did, "Dr. Griffin's medical practice is not the Plaintiff here—Dr. Griffin, in her individual capacity" is. (Dkt. 30 at 3).

Accordingly, Plaintiff's objections are **OVERRULED**. Judge Ballou's report and recommendation of December 15, 2016 (Dkt. 28) is **ADOPTED** in its entirety. Defendant's motion for attorneys' fees (dkt. 19) is **GRANTED**. It is hereby **ORDERED**, **ADJUDGED**, and **DECREED** that attorneys' fees are awarded to Defendant Areva, Inc. and against Plaintiff Dr. W.A. Griffin in the amount of **fourteen thousand, seven hundred twelve dollars and fifty cents ($14,712.50)**. Postjudgment interest at the rate of 0.86 percent shall be computed daily to the date of payment and shall be compounded annually.

Entered this 12th day of January, 2017.

NORMAN K. MOON
UNITED STATES DISTRICT JUDGE